IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STEPHEN LEE FORBES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:20CV417 |
| | ) | 1:17CR91-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a Motion (Docket Entry 42) to vacate, set aside, or correct his sentence. Petitioner pled guilty to one count of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951(a) (the Hobbs Act) and 2 and one count of carrying and using, by brandishing, a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. He received a sentence of 141 months of imprisonment for the robbery itself and a consecutive sentence of 84 months for brandishing the firearm.

Petitioner's current Motion lists a single claim for relief, which asserts that he is "actually innocent" of the conviction under § 924(c)(1)(A)(ii). (Id., § 12, Ground One.) As support, the Motion states that Petitioner "was convicted for Hobbs Act (aid & abetting) and carry and use of a firearm. The latter requires a crime of violence to enter a conviction." (Id.) The Motion adds that Petitioner is "[m]indful of Fourth Circuit precedent, but that [because] United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), did not address the property portion of § 1951, the matter is debatable." (Id.) Thus, the Motion appears to argue that the Hobbs Act

robbery committed by Petitioner does not count as a crime of violence supporting his conviction under § 924(c)(1)(A)(ii). As support for this argument, the Motion cites the cases of United States v. Bowen, 936 F.3d 1091 (10th Cir. 2019) and United States v. Chea, Nos. 98-cr-20005-1 CW, 98-cr-4000302 CW, 2019 WL 5061085 (N.D. Ca. Oct. 2, 2019) (unpublished).

Petitioner's Motion is now before the Court for an initial review. Rule 4(b), Rules Governing Section 2255 Proceedings, states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

For the reasons discussed below, it plainly appears from the face of the Motion that Petitioner is not entitled to relief and his Motion should be summarily dismissed.

Petitioner's only claim for relief relies on the proposition that Hobbs Act robbery under § 1951(a) is no longer a crime of violence for purposes of § 924(c). This was arguably an open question of law following the cases of United States v. Davis, ___ U.S. ___, ___, 139 S. Ct. 2319, 2336 (2019), in which the United States Supreme Court held unconstitutional the residual clause of 18 U.S.C. § 924(c)(3)(B), defining "crime of violence" for purposes of that statute, and United States v. Simms, 914 F.3d 229, 233 (4th Cir.), cert. denied, ___ U.S. ___, 140 S. Ct. 304 (2019), in which the United States Court of Appeals for the Fourth Circuit held that conspiracy to commit Hobbs Act robbery did not satisfy the force clause of that statute and, therefore, was not a "crime of violence." However, as Petitioner acknowledges in his Motion, the Fourth Circuit later determined that Hobbs Act robbery, as opposed to conspiracy

to commit such a robbery, remains a crime of violence under § 924(c). United States v. Mathis, 932 F.3d 242, 266 (4th Cir.), cert. denied, ––– U.S. ––––, 140 S. Ct. 639, 640 (2019). Petitioner was convicted of an actual Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery. Therefore, his claim fails under Mathis.

Petitioner attempts to avoid this result by citing the out of circuit cases listed previously. However, this Court is bound by Mathis. The Motion also makes an apparent reference to the fact that Petitioner's Indictment (Docket Entry 1) and Plea Agreement (Docket Entry 23) listed both § 924(c)(1)(A)(ii) and § 2, which allows for punishment of aiders and abettors, as the statutes Petitioner violated. The inclusion of § 2 in those documents makes no difference in the outcome because "[a]iding and abetting Hobbs Act robbery . . . qualifies as a crime of violence under the force clause of Section 924(c)." Hartgrove v. United States, No. 1:16-cv-00168-MR, No. 1:00-cr-00047-MR-WCM-2, 2019 WL 4745131, at *3 (W.D.N.C. Sept. 27, 2019) (unpublished) (citing cases). Therefore, Petitioner's only claim for relief fails on its face and his Motion should be dismissed.

In light of this recommended dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond. The Clerk will notify Petitioner of this Recommendation, his right to file objections, and any ultimate dismissal and entry of judgment.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion (Docket Entry 42) to vacate, set aside or correct sentence be dismissed, that judgment be entered dismissing the action, and that, there being no substantial issue for appeal concerning the denial of a

-3-

Case 1:17-cr-00091-WO   Document 43   Filed 05/21/20   Page 3 of 4

constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 21st day of May, 2020.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
