IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
STEPHEN LEE FORBES,            )
                               )
          Petitioner,          )
                               )     1:20CV417
     v.                        )     1:17CR91-1
                               )
UNITED STATES OF AMERICA,      )
                               )
          Respondent.          )
```

**ORDER**

This matter is before this court for review of the Recommendation filed on May 21, 2020, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 43.) In the Recommendation, the Magistrate Judge recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. 42), be denied without issuance of a certificate of appealability. On May 21, 2020, the Recommendation was served on the parties to this action. (Doc. 44.) Petitioner timely filed objections, (Doc. 45), to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which the objections were made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation.[1]

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 43), is **ADOPTED. IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct

---

[1] Petitioner's objection states that United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), "did not confront the property portion of [Section] 1951," thus leaving room for the asserted grounds for his petition. (See Doc. 45 at 1.) However, Mathis discussed the Hobbs Act's use of the term "property" and ultimately "discern[ed] [no] basis in the text of [Section 924(c) or Section 1951] for creating a distinction between threats of injury to tangible and intangible property for purposes of defining a crime of violence." Mathis, 932 F.3d at 266 & n.24 (rejecting argument "that a threat of injury [to property] does not require the threat of violent force, such as when a perpetrator threatens another's property by throwing paint on someone's house"). Accordingly, Mathis squarely forecloses Petitioner's argument. This binding precedent from the United States Court of Appeals for the Fourth Circuit likewise defeats Petitioner's claimed entitlement to a certificate of appealability. See Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1261 (11th Cir. 2009) ("[I]f a habeas petitioner's contention is 'foreclosed by a binding decision – one from the Supreme Court or this Court that is on point – the attempted appeal does not present a substantial question, because reasonable jurists will follow controlling law.'" (quoting Gordon v. Sec'y, Dep't of Corr. 479 F.3d 1299, 1300 (11th Cir. 2007)).

Sentence, (Doc. 42), is **DENIED** and that this action is dismissed with prejudice. A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 24th day of September, 2020.

/s/ William L. Osteen, Jr.
United States District Judge

- 3 -

Case 1:17-cr-00091-WO   Document 48   Filed 09/24/20   Page 3 of 3